UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; ARC/CONRAD MUSIC LLC d/b/a ARC MUSIC; EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; GREGMARK MUSIC, INC.; LORD and WALKER PUBLISHING, <br><br> Plaintiffs, <br><br> v. <br><br> WEST PALM BREWING, LLC d/b/a STEAM HORSE BREWING COMPANY and FRAN ANDREWLEVICH, individually, <br><br> Defendants. | CIVIL ACTION NO.: <br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade

Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Arc/Conrad Music LLC is a limited liability company doing business as Arc Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Gregmark Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Lord and Walker Publishing is a sole proprietorship owned by Bernita Walker-Moss. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Defendant West Palm Brewing, LLC is a limited liability company organized and existing under the laws of the state of Florida, which operates, maintains and controls an establishment known as Steam Horse Brewing Company located at 1500 Elizabeth Avenue, West Palm Beach, FL 33401, in this district (the "Establishment").

11. In connection with the operation of the Establishment, West Palm Brewing, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12. Defendant West Palm Brewing, LLC has a direct financial interest in the Establishment.

13. Defendant Fran Andrewlevich is a manager of Defendant West Palm Brewing, LLC with responsibility for the operation and management of that LLC and the Establishment.

14. Defendant Fran Andrewlevich has the right and ability to supervise the activities of Defendant West Palm Brewing, LLC and a direct financial interest in that LLC and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

15. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 14.

16. Since April 2019, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

17. Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal

rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

18. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

19. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

20. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the

Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

23. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

_____
Zachary D. Messa, Esquire
Florida Bar No.: 513601
311 Park Place Blvd., Suite 300
Clearwater, FL  33759
Tel: 727-461-1818 / Fax: 727) 462-0365
Email: ZacharyM@jpfirm.com
*Attorney(s) for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Everyday a/k/a Nobody Loves Me (Everyday I Have The Blues) |
| Line 3 | Writer(s) | Peter Chatman |
| Line 4 | Publisher Plaintiff(s) | Arc/Conrad Music LLC d/b/a Arc Music |
| Line 5 | Date(s) of Registration | 1/28/80 |
| Line 6 | Registration No(s). | RE 50-631 |
| Line 7 | Date(s) of Infringement | 6/10/23 |
| Line 8 | Place of Infringement | Steam Horse Brewing Company |

| | | | | |
|---|---|---|---|---|
| Line 1 | Claim No. | 2 | | |
| Line 2 | Musical Composition | Louie Louie | | |
| Line 3 | Writer(s) | Richard Berry | | |
| Line 4 | Publisher Plaintiff(s) | EMI Consortium Songs, Inc. d/b/a EMI Longitude Music | | |
| Line 5 | Date(s) of Registration | 12/31/84 | 3/22/57 | 12/12/63 |
| Line 6 | Registration No(s). | RE 229-368 | Eu 471125 | Ep 182232 |
| Line 7 | Date(s) of Infringement | 6/10/23 | | |
| Line 8 | Place of Infringement | Steam Horse Brewing Company | | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | She Talks To Angels |
| Line 3 | Writer(s) | Chris Robinson; Rich Robinson |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 8/14/91 |
| Line 6 | Registration No(s). | PA 532-894 |
| Line 7 | Date(s) of Infringement | 6/10/23 |
| Line 8 | Place of Infringement | Steam Horse Brewing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Stormy Monday a/k/a They Call It Stormy Monday a/k/a Call It Stormy Monday |
| Line 3 | Writer(s) | Aaron T. Walker |
| Line 4 | Publisher Plaintiff(s) | Gregmark Music, Inc.; Bernita Walker-Moss, an individual d/b/a Lord and Walker Publishing |
| Line 5 | Date(s) of Registration | 5/9/75    7/15/63    10/10/47 |
| Line 6 | Registration No(s). | R 604983    Ep 177515    E 98450 |
| Line 7 | Date(s) of Infringement | 6/10/23 |
| Line 8 | Place of Infringement | Steam Horse Brewing Company |